June 8, 2026
*VIA CM/ECF AND EMAIL*

Hon. Naomi R. Buchwald
Daniel Patrick Moynihan United States Courthouse
United States District Court for the Southern District of New York
500 Pearl Street, Courtroom 21A
New York, NY 10007-1312

Re:    *Dewitt v. L'Oréal USA, Inc., et al.*, No. 1:26-cv-04140-NRB

Dear Judge Buchwald:

Defendants L'Oréal USA, Inc., L'Oréal USA Products, Inc., John Paul Mitchell Systems, and Wella Operations US LLC[1] (collectively, "Defendants") respectfully submit this letter pursuant to the Court's Individual Practices to request a pre-motion conference regarding Defendants' anticipated motion to dismiss Plaintiff's Complaint in its entirety. Defendants intend to move to dismiss under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) on three grounds: (i) lack of personal jurisdiction over certain defendants; (ii) Counts I–V are untimely under Michigan law pursuant to CPLR 202; and (iii) failure to state a claim.

## I.    Plaintiff's Allegations

Both Plaintiff, as the administrator of Mr. Robert Dewitt's estate, and the decedent, Robert Dewitt ("Mr. Dewitt"), are (or were) residents of Michigan. Compl. ¶ 1, 4. Plaintiff alleges that Mr. Dewitt owned and operated a salon in Michigan where he worked as a cosmetologist and was exposed to hair dye products from 1965 through 2023. *Id.* ¶¶ 5, 26-27, 29. Plaintiff further alleges that Mr. Dewitt was diagnosed with bladder cancer, which led to his death as a result of that exposure. *Id.* ¶¶ 21-22, 29-30. Plaintiff alleges that Mr. Dewitt used certain L'Oréal, Paul Mitchell, and Wella hair dye product lines. *Id.* ¶¶ 21-22. Plaintiff does not allege any specific Defendant's product contained a chemical that allegedly caused decedent's bladder cancer. *Id.* ¶ 55.

## II.    Summary of Argument

### A.    Defendants Intend to Move to Dismiss for Lack of Personal Jurisdiction

John Paul Mitchell Systems ("JPMS") and Wella Operations US, LLC ("Wella") intend to move to dismiss for lack of personal jurisdiction under Rule 12(b)(2) because the Complaint does not establish general jurisdiction over JPMS and Wella. A corporate defendant is subject to general jurisdiction where it is "'essentially at home'" in the state, which is typically limited to the corporation's place of incorporation and principal place of business. *See Daimler AG v. Bauman*, 571 U.S. 117, 139 & n.19 (2014) (quoting *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 919 (2011)); *see also Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 627 (2d Cir. 2016) ("[E]xcept in a truly 'exceptional' case, a corporate defendant may be treated as 'essentially at home' only where it is incorporated or maintains its principal place of business") (citation omitted).

---

[1] "Clairol" is not a separate legal entity but rather a brand within Wella Operations US LLC. "Clairol" is therefore improperly named in Plaintiff's Complaint.

The Hon. Naomi R. Buchwald
June 8, 2026
Page 2

The Complaint does not allege that JPMS and Wella are incorporated in New York or maintain a principal place of business there.[2] *See* Compl. ¶¶ 15-16. Nor does it suggest this is an "exceptional case" where these defendants are "essentially at home" in a forum where they are not headquartered or incorporated. Plaintiff's vague allegations that "Defendants" sell products in New York (*id.* ¶¶ 20, 37) are insufficient to confer general jurisdiction. *See Weisblum v. Prophase Labs, Inc.*, 88 F. Supp. 3d 283, 290 (S.D.N.Y. 2015) (product sales in New York insufficient for general jurisdiction) (citing *Daimler*, 571 U.S. at 139 n.19). Allegations that defendants maintain an office or designate an agent for service of process in New York are also insufficient. *See* Compl. ¶¶ 15-16; *see also Chufen Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 499–500 (2d Cir. 2020).

The Complaint also fails to establish specific jurisdiction, which requires that the plaintiff's claims "arise out of or relate to" the defendant's forum contacts. *See Bristol-Myers Squibb Co. v. Superior Ct.*, 582 U.S. 255, 272 (2017). Here, Plaintiff alleges that both he and Mr. Dewitt are (and were) Michigan residents and that Mr. Dewitt's alleged exposure occurred while working in Michigan, but Plaintiff does not plead any facts connecting his claims to conduct in New York. Plaintiff's allegation that Defendants' products are "pervasively manufactured and used in New York" (Compl. ¶ 97) does not establish any nexus to his alleged injuries in Michigan. *See Sabol v. Bayer Healthcare Pharm.*, 439 F. Supp. 3d 131, 143 (S.D.N.Y. 2020). Because Plaintiff's claims arise entirely from out-of-state conduct, specific jurisdiction is also lacking.

**B.      Defendants Intend to Move to Dismiss Counts I–VI As Untimely**

Defendants intend to move to dismiss Counts I–VI as untimely under New York Law pursuant to New York's borrowing statute, CPLR 202. Where, as here, "'a nonresident sues on a cause of action accruing outside New York, CPLR 202 requires the cause of action to be timely under the limitation periods of both New York and the jurisdiction where the cause of action accrued.'" *IKB Deutsche Industriebank AG v. McGraw Hill Fin., Inc.*, 634 Fed. App'x 19, 21 (2d Cir. 2015) (*quoting Glob. Fin. Corp. v. Triarc Corp.*, 93 N.Y.2d 525, 528 (1999)). Plaintiff alleges Mr. Dewitt was a Michigan resident when his alleged hair dye use occurred and his claims accrued. *See* Compl. ¶¶ 1, 4-5, 29-30. However, because Plaintiff's claims are time-barred under New York law, the Court need not reach whether those claims might be timely under Michigan law.

There are no allegations in Plaintiff's Complaint that his strict liability failure to warn, design defect, and negligent failure to warn claims (Counts I–III) are timely under New York's three-year statute of limitations. *See* CPLR 214-c; *Suffolk Cnty. Water Auth. v. Dow Chem. Co.*, 121 A.D.3d 50, 57 (2d Dep't 2014). The three-year period is "'computed from the date of discovery of the injury by the plaintiff or from the date when through the exercise of reasonable diligence such injury should have been discovered by the plaintiff, whichever is earlier.'" *Suffolk Cnty. Water Auth.*, 121 A.D.3d at 57 (quoting CPLR 214-c(2)). Plaintiff alleges that Mr. Dewitt was diagnosed with bladder cancer in May 2023. *See* Compl. ¶ 30. Under CPLR 214-c, the limitations period runs—at the latest—from discovery of the injury. *See Sweeney v. Gen. Printing*, 210 A.D.2d 865, 866 (3d Dep't 1994) (holding that action was time-barred because it was filed more than three years after plaintiff's bladder cancer diagnosis). The Complaint does not identify the specific diagnosis date or otherwise plead facts demonstrating that the action was timely commenced

---

[2] Plaintiff alleges that Clairol maintains a principal place of business in New York (Compl. ¶ 17), but that allegation is incorrect. To the extent necessary, Defendants intend to submit evidence to rebut Plaintiff's conclusory allegation, which is permissible on a Rule 12(b)(2) motion. *See Johnson v. UBS AG*, 791 Fed. App'x 240, 241 (2d Cir. 2019).

The Hon. Naomi R. Buchwald
June 8, 2026
Page 3

within CPLR 214-c's three-year limitations period. Nor are there any allegations that Plaintiff can benefit from the one-year extension provided by CPLR 214-c(4). In fact, the Complaint cites decades of studies predating Mr. Dewitt's diagnosis allegedly linking bladder cancer to hair dye products, so Plaintiff cannot plausibly invoke CPLR 214-c(4) to extend the limitations period. *See* Compl. ¶¶ 58-71.

Plaintiff's fraud claims (Counts IV and V) fare no better, because they merely restate the same operative facts, alleged misconduct, and injuries underlying his product liability claims in Counts I–III, and New York's limitations period has likewise expired for them. Where fraud allegations are "only incidental to another cause of action," the six-year statute of limitations for fraud "cannot be invoked." *New York Seven-Up Bottling Co. v. Dow Chem. Co.*, 96 A.D.2d 1051, 1053 (2d Dep't 1983), *aff'd*, 61 N.Y.2d 828 (1984). Here, as in *Seven-Up* and its progeny, Plaintiff's fraud claims are merely incidental to his product liability claims and are therefore subject to the same three-year statute of limitations. Accordingly, Counts IV and V are time-barred for the same reasons as Counts I–III. *See Seven-Up*, 96 A.D.2d at 1053; *Frumento v. On Rite Co., Inc.*, 66 A.D.3d 828, 830 (1st Dep't 2009).[3]

### C.    The Complaint Fails to State a Claim Under Federal Pleading Standards

Finally, Defendants intend to move to dismiss the Complaint for failure to state a claim under Rule 12(b)(6). *First*, Plaintiff's product liability claims fail as to all Defendants because he does not allege any specific Defendant's product contained a chemical that caused Mr. Dewitt's bladder cancer. *Id.* ¶ 51. To state a plausible product liability claim, plaintiff must allege a specific product exposed him to a toxin. *See Tuosto v. Philip Morris USA Inc.,* 672 F. Supp. 2d 350, 366 (S.D.N.Y. 2009); *Edwards v. Dow Ctr.*, 2024 WL 3718659, at *3 (E.D.N.Y. Aug. 7, 2024).

*Second*, the Complaint relies on impermissible group pleading, asserting all substantive allegations against "Defendants" collectively. Such allegations "are routinely rejected by courts as insufficient to state a claim as to any particular defendant." *Abadi v. NYU Langone Health Sys.*, 714 F. Supp. 3d 387, 392 (S.D.N.Y. 2024). This defect is particularly fatal to Plaintiff's fraud claims (Counts IV and V), which must satisfy Rule 9(b)'s heightened pleading standard. *See Negrete v. Citibank, N.A.*, 237 F. Supp. 3d 112, 122–23 (S.D.N.Y. 2017).

*Third*, Plaintiff fails to plead his fraud claims with particularity pursuant to Rule 9(b), which requires him to "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290 (2d Cir. 2006). The Complaint does none of this.

*Fourth*, Plaintiff's GBL §§ 349 and 350 claim (Count VI) fails for multiple reasons. Most critically, Count VI fails because the statutes apply only to deceptive transactions in New York, and the Complaint alleges none. *See Kaufman v. Sirius XM Radio, Inc.*, 474 Fed. App'x 5, 9–10 (2d Cir. 2012).

---

[3] Similarly, even assuming Plaintiff has standing to assert a claim under GBL §§ 349 and 350 (Count VI), that claim is governed by a three-year statute of limitations. *See Lucker v. Bayside Cemetery*, 114 A.D.3d 162, 175 (1st Dep't 2013) (citing CPLR 214(2)). Plaintiff alleges only that Mr. Dewitt was diagnosed in May 2023 and commenced this action on May 18, 2026. Because the Complaint identifies no specific diagnosis date and pleads no facts supporting application of any extension provision, Count VI is untimely for the same reasons as Counts I–III.

The Hon. Naomi R. Buchwald
June 8, 2026
Page 4

Respectfully submitted,

**DLA PIPER LLP (US)**

Cara D. Edwards
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 335-4714
cara.edwards@us.dlapiper.com

*Attorneys for Defendants L'Oréal USA, Inc.
and L'Oréal USA Products, Inc.*

**VENABLE LLP**

Tara L. Pehush
Alexandra E. Deitz
151 West 42nd Street, 49th Floor
New York, NY 10036
Telephone: (212) 307-5500
TLPehush@Venable.com
AEDeitz@Venable.com

*Attorneys for Defendants Coty Inc. and
Wella Operations US LLC*

**GALLO VITUCCI KLAR LLP**

Bruce Friedman
711 Third Avenue, Suite 500
New York, NY 10017
Telephone: (212) 447-4620
bfriedman@gvlaw.com

*Attorneys for Defendant John Paul Mitchell
Systems*

cc:    All Counsel Record via CM/ECF