

# MORGAN & MORGAN
## COMPLEX LITIGATION GROUP
Mass Torts | Whistleblower | Class Action

June 16, 2026

**Via Email: BuchwaldNYSDChambers@nysd.uscourts.gov**
The Honorable Judge Naomi Reice Buchwald
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Courtroom 21A
New York, New York 10007-1312

### Re: *DeWitt v. L'Oréal USA, Inc.,* et al, 1:26-cv-04140-NRB

Dear Judge Buchwald,

Plaintiff Luke DeWitt, Individually, and as Administrator of the Estate of Robert DeWitt, Deceased ("DeWitt") submits this letter in response to Defendants' letter requesting a pre-motion conference (Dkt. 7).

It is undisputed that removal occurred after DeWitt served two New York citizens, L'Oréal USA, Inc. and L'Oréal USA Products, Inc. *See* 28 U.S.C. § 1441(b)(2); *Moronta v. Mecca Transp., Inc.*, 2025 WL 3482783, at *1 (S.D.N.Y. Dec. 4, 2025) ("[R]emand is appropriate." (cleaned up)). Although this case was untimely and improperly removed, Defendants want this Court to consider Rule 12(b)(2) and Rule 12(b)(6) motions. DeWitt respectfully avers that this Court should instead decide, at the outset, whether this case should proceed in state court or in federal court. *See, e.g.*, *Lo v. St. George's Univ.*, 2014 WL 6673849, at *8 & n.3 (E.D.N.Y. Nov. 24, 2014). A threshold determination of the proper forum will benefit all parties. *See, e.g.*, *id*.

DeWitt filed suit and served both L'Oréal defendants before removal. He filed a motion to remand (Dkt. 11), contending that removal violates the forum defendant rule. *E.g.*, *Balchem Corp. v. Actus Nutrition*, 2025 WL 3158671, at *8 (S.D.N.Y. Nov. 12, 2025); *Hardman v. Bristol-Myers Squibb Co.*, 2019 WL 1414600, at *4 (S.D.N.Y. Apr. 17, 2019). Defendants' response is due by June 29, 2026.

Defendants intend to seek extensive relief under Rule 12. Letter (Dkt. 7) at pp. 1-3. Defendants Wella Operations US LLC ("Wella") and John Paul Mitchell Systems ("JPMS") expect to seek dismissal for lack of personal jurisdiction. *Id*. at pp. 1-2. Defendants also contend that Counts I-VI are untimely. *Id*. at pp. 2-3. Finally, Defendants argue that DeWitt has failed to state a claim under Rule 12(b)(6). *Id*. at p. 3. DeWitt, however, requests that this Court avoid considering the purported issues discussed in Defendants' letter and instead decide the threshold issue of whether removal was proper. *See Moronta*, 2025 WL 3482783, at *1-*2; *see also Austin v. Port Auth. of N.Y. & N.J.*, 1993 WL 149033, at *2 (S.D.N.Y. May 5, 1993).

June 16, 2026
Page 2

Federal courts "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (cleaned up). The statutes governing removal are interpreted strictly. *E.g.*, *Syngenta Crop Protection v. Henson*, 537 U.S. 28, 32 (2002). All doubts are resolved against removal. *See id.*

Removing parties must establish subject-matter jurisdiction. *Montefiore Med. Ctr. v. Teamsters Loc. 272*, 642 F.3d 321, 327 (2d Cir. 2011). Without it, "the court cannot proceed at all in any cause." *Steel Co. v. Citizens For Better Env't*, 523 U.S. 83, 94 (1998) (cleaned up). Subject-matter jurisdiction is never presumed. *Id.*

For a federal court to exercise subject-matter jurisdiction, removing parties must meet the requirements of the removal statutes. 28 U.S.C. § 1441(a)-(f); *Link Motion, Inc. v. DLA Piper LLP*, 103 F.4th 905, 911 (2d Cir. 2024). One requirement is the forum defendant rule. 28 U.S.C. § 1441(b)(2). Removal is improper "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Id.*; *see also Moronta*, 2025 WL 3482783, at *2.

"[S]ection 1441(b) is a rule of procedure and does not state a jurisdictional requirement." *Shapiro v. Logistec USA, Inc.*, 412 F.3d 307, 313 (2d Cir. 2005). Even so, for a Court to exercise jurisdiction, removal must adhere to the forum defendant rule. 28 U.S.C. § 1447(c); *TD srl v. Italia Granite Supply, LLC*, --- F. Supp. 3d ---, ---, 2026 WL 112231, at *4 (S.D.N.Y. Jan. 15, 2026); *Moronta*, 2025 WL 3482783, at *2; *Balchem Corp. v. Actus Nutrition*, 2025 WL 3158671, at *8 (S.D.N.Y. Nov. 12, 2025); *Hardman v. Bristol-Myers Squibb Co.*, 2019 WL 1414600, at *4 (S.D.N.Y. Apr. 17, 2019); *Parekh v. Economy Premier Assur. Co.*, 2012 WL 1020426, at *3 (E.D.N.Y. Jan. 17, 2012). Here, though, the forum defendant rule was violated. *See Moronta*, 2025 WL 3482783, at *2.

Two Defendants—Wella and JPMS—attack the jurisdictional basis for DeWitt's claims. Letter (Dkt. 7) at pp. 1-2. All Defendants contend that DeWitt's claims are untimely and inadequately pleaded. *Id.* at pp. 2-3. Defendants intend to seek dismissal under Rule 12. *Id.* at pp. 1-2. Second Circuit courts, though, consistently evaluate motions to remand before considering Rule 12 motions. *See, e.g.*, *Portville Truck & Auto Repair, Inc. v. Mack Trucks, Inc.*, 2020 WL 419716, at *1 (W.D.N.Y. Jan. 27, 2020); *Lo*, 2014 WL 6673849, at *8 & n.3; *Parekh v. Economy Premier Assur. Co.*, 2012 WL 1020425, at *1 (E.D.N.Y. Mar. 26, 2012). Doing so saves judicial resources and saves the parties' time. *See Lo*, 2014 WL 6673849, at *4; *cf. Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005).

If this Court finds that the forum defendant rule has been violated, remand is required. 28 U.S.C. § 1441(b)(2); *Moronta*, 2025 WL 3482783, at *2. The resolution of DeWitt's motion to remand would moot any Rule 12 motions. *Lo*, 2014 WL 6673849, at *8 & n.3. Resolving substantive issues before considering DeWitt's motion to remand,

June 16, 2026
Page 3


however, would delay the resolution of DeWitt's claims. *See id*. Addressing substantive issues while the parties are litigating the issue of which Court is the proper forum would waste judicial resources and result in inefficiencies. *See id*.

DeWitt respectfully requests that this Court rule on his pending motion to remand (Dkt. 11) before considering any Rule 12 motions. *See id*.; *see also Mack Trucks*, *Inc*., 2020 WL 419716, at *1; *Parekh*, 2012 WL 1020425, at *1; *cf. Thomas R. Peterson*, *M.D. PC v. Cigna Health & Life Ins*. *Co*., 2018 WL 3586273, at *4 n.7 (D.N.J. July 25, 2018). DeWitt also respectfully requests that this Court remand this case, which will allow the parties to "resolve this dispute in state court." *Verdone v. Rice & Rice*, *PC*, 724 F. Supp. 3d 366, 374 (D.N.J. 2024).

Dated June 16, 2026

Respectfully Submitted,

By: */s/ Jonathan M. Sedgh*
Jonathan M. Sedgh, Esq.
MORGAN & MORGAN P.A.
199 Water St., Suite 1500
New York, New York 10038
Phone: (212) 738-6839
jsedgh@forthepeople.com

**Attorneys for Plaintiff Luke DeWitt, Individually, and as Administrator of the Estate of Robert DeWitt, Deceased**

June 16, 2026
Page 4

## Certificate of Service

I hereby certify that counsel for all parties of record have been served with this letter by CM/ECF and by email on June 16, 2026.

*/s/ Jonathan M. Sedgh*
Jonathan M. Sedgh, Esq.